IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LONG | ) | CASE NO. 1:10CV2854 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| MORTGAGE ELECTRONIC | ) | MEMORANDUM OF OPINION |
| REGISTRATION SYSTEMS, INC. , *et al* | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This action was originally filed in the Court of Common Pleas of Cuyahoga County, Ohio. Defendants Mortgage Electronic Registration System, Inc. ("MERS") and Ally Financial Services ('Ally") removed the case to this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332. Shore Financial Services ("Shore") is also a Defendant. This matter is before the Court upon Defendants' Motions to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 6, 9).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a Court to dismiss a Complaint on Motion when the Plaintiff fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a Complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the Defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The Rule does not require "detailed" factual allegations, but it does require more than the bare assertion of legal conclusions. *See Twombly,* 550 U.S. at 555. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Conley*, 355 U.S. at 45-46. When deciding a Motion to Dismiss pursuant to Rule 12(b)(6), a Court must construe the Complaint in a light most favorable to the Plaintiff and accept all well-pleaded material allegations in the Complaint as true. Dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is appropriate if there is no law to support the claims, or if the facts alleged are insufficient to state a claim, or if on the face of the Complaint there is an insurmountable bar to relief. *Stark v. Government Accounting Solutions, Inc*. 2008 WL 2796499 * 1 (S.D.Ohio, Jul. 17, 2008) (citing *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697, 702 (6th Cir.1976)). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus,* 551 U.S. 89 (2007); *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Plaintiff filed a Request for Declaratory Judgment. He wants the Court to declare that a Mortgage and Promissory Note executed on October 23, 2009 with Shore is unenforceable because the Mortgage was illegally and improperly assigned to MERS without the Note. Plaintiff asserts in his Memorandum attached to the Complaint, "MERS is not a real party in interest when that party is called a mortgagee in a mortgage but is not the lender, has no right to repayment of the underlying debt, and has no role in handling mortgage payments. In its capacity as nominee for Shore, MERS has no right or authority to assign collection of payments to Ally." Memorandum un Support, pg. 1.

MERS is an electronic mortgage registration system and clearinghouse that tracks beneficial ownership interests in, and servicing rights to, mortgage loans. "When a home is purchased, the lender obtains from the borrower a promissory note and a mortgage instrument naming MERS as the mortgagee (as nominee for the lender and its successors and assigns). In the mortgage, the

borrower assigns his right, title, and interest in the property to MERS, and the mortgage instrument is then recorded in the local land records with MERS as the named mortgagee. When the promissory note is sold (and possibly re-sold) in the secondary mortgage market, the MERS database tracks that transfer. As long as the parties involved in the sale are MERS members, MERS remains the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note." *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, 659 F.Supp.2d 1368, 1370 (U.S.Jud.Pan.Mult.Lit., 2009).

In *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938), the United States Supreme Court held that federal courts must apply state substantive law and federal procedural law in a diversity case. In Ohio, it is well settled that MERS, acting as mortgagee and nominee for the lender, may transfer the lender's interest in the mortgage. *Deutsche Bank Natl. Trust Co v. Traxler*, 2010 WL 3294292 * 6 (Ohio App., 9th Dist. Aug. 23, 2010); BAC *Home Loans Services, L. P, v. Hall*, 2010 WL 2891780 *1 (Ohio App., 12th Dist. Jul. 26, 2010); *Countrywide Home Loans Servicing L.P. v. Shifflet*, 2010 WL 1175325 * 4 (Ohio App., 3rd Dist. Mar. 29, 2010); *Deutsche Bank Natl. Trust Co. v. Ingle,* 2009 WL 2400852 * 1, 3 (Ohio App., 8th Dist. Aug. 6, 2009), *app. not allowed*, 124 Ohio St.3d 1417 (2010), *cert denied*, 130 S.Ct 3388 (2010). In this case, this Court may use only Ohio law. Law to contrary in other states, as Plaintiff suggests, does not apply here.

Accordingly, Defendants' Motions to Dismiss for Failure to State a Claim Upon Which

Relief Can be Granted pursuant to Fed. R. Civ. P. 12(b)(6) are granted.

    IT IS SO ORDERED**.**

Date:  January 28, 2011                      **S/Christopher A. Boyko**
                                                      JUDGE CHRISTOPHER A. BOYKO
                                                      UNITED STATES DISTRICT JUDGE